State *v.* Adams.

---

## *The* STATE *vs.* BENJAMIN K. ADAMS.

A log taken " from the bank of a river, twelve or fifteen feet from the water, where grass grew, which was annually mowed, but which was covered by water in freshets of an ordinary height," is not taken from the river, within the meaning of the log act, *stat.* 1831, *c.* 521.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The indictment charged, that *Adams* took certain mill logs from the *Kennebec River* contrary to the provisions of the *stat.* 1831, *c.* 521. Several questions were raised at the trial, and urged in the argument, of which but one is noticed in the opinion of the Court. The logs were not taken from the water, but, in the words of the witness, " from a spot on the bank of the river, twelve or fifteen feet from the water in the river, where grass grew, and was actually mowed each year, but which is covered by water in freshets of ordinary height." The counsel for *Adams* objected, that the evidence did not show that these logs were lying or being in the river within the meaning of the statute. On this point the Judge instructed the jury, that if they believed the logs were taken from the spot described by the witness, and that they had been floated to that spot by the waters of the *Kennebec River*, they were " lying or being in the river," within the meaning of the statute.

*Tenney,* for *Adams,* argued in support of the objection made at the trial. To show that penal statutes, as he contended this was, should be construed strictly, he cited 1 *Black. Com.* 88; 5 *Jacob's Law Dic.* 130, *penal laws;* 6 *Dane,* 588, *sec.* 16; 3 *Caines,* 359; 2 *John. R.* 379; 1 *Pick.* 55.

State v. Adams.

*D. Goodenow*, Attorney General, insisted that the statute was remedial and not penal, mitigating the common law which made the offence larceny. The offence is within the mischief of the statute, and should be punished by it. If the log was carried by the waters of the river to the place where it was taken, it should be considered as taken from the river. It should at least be considered as taken from an *inlet*, if not from the river ; and if so, the verdict should not be set aside, because it was right, though the instruction gave a wrong reason for it. *Farrar* v. *Merrill*, 1 *Greenl*. 17.

After advisement, the opinion of the Court was drawn up by

WESTON C. J. — We are well satisfied the case before us is within the mischief, intended to be punished and suppressed by the statute, under which the defendant was convicted, statute of 1831, *c.* 521, yet it being a criminal prosecution for a penalty, we cannot feel justified to decide that the place from which the log was taken, was the river, although we come reluctantly to so narrow a construction of the statute. The log was taken from the bank of the river, twelve or fifteen feet from the water, where grass grew, which was annually mown. Had it been in the ordinary bed of the river, at a point from which the water had receded, at a dry season of the year, or had it been lodged on a rock or islet in the river, we should have regarded it as a case within the statute. Upon the whole we think it better, that there should be some further legislative interposition, if necessary, than that a penal statute should be extended by construction to a case, not clearly within it.

*Exceptions sustained.*